Ruffin, C. J.
 

 James Maxwell and Alexander Maxwell-' were brothers and bachelors, advanced in life, and they' resided together, and owning each in fee a tract of land,containing about two hundred acres, and owning jointly fifteen slaves, and stocks of horses, cattle and other chattels, each made his will at the same time, viz; on the 21st of December, 1846. James died very soon thereafter, and his will was proved in February, 1847. Alexander died in 1849, and afterwards his will was proved in August of that year.
 

 The will of James Maxwell contains, among others, the following clauses: “ In the third place, I give and devise to my nephew Samuel Maxwell, all my land and real estate, to have and to hold to him and his heirs. In the fourth place, I give and bequeath to my nephew Albert Maxwell,of the State of Missouri, the sum of five hundred dollars to be paid out of my money now lent out. In the fifth place, I give and bequeath to my nephew Samuel Maxwell all the
 
 *26
 
 residue of my estate, consisting of an undivided half of fifteen negroes and their future increase, and all my stock of horses, cattle, sheep, and hogs, and household and kitchen furniture, and all my other property of every description, provided he marries and has lawful issue; but in the event of his dying without lawful issue, then to him for only the term of his natural life; and in case my said nephew, Samuel, dies without leaving lawful issue him surviving, I give and bequeath one half of all the property given to him in this last clause of my will and its future increase to my nephew Albert Maxwell, to have and to hold to him and his heirs forever; and the other half I give and bequeath to the brothers and sisters' of the aforesaid Samuel Maxwell, living at his death, and the lawful issue of such as are then dead, to be equally divided between them.”
 

 The will of Alexander Maxwell contains, among others the following clauses : “In the third place, I give and devise to my nephew, Samuel Maxwell, ail my land and real estate, to have and to hold to him and his heirs. In the fourth place, I give and bequeath to my nephew, Albert Maxwell, of the State of Missouri, the sum of five hundred dollars, to be paid out of my money, now lent out. In the fifth place, I give and bequeath to my nephew, Samuel Maxwell, all the r-esidue of my estate, consisting of an undivided half of fifteen negroes and their future increase, and all my stock of horses, cattle, sheep, and hogs, and household and kitchen furniture, and all my other property of every description, provided he marries and has lawful issue ; but in the event of dying without lawful issue, then to him for only the term of his natural life. And in case my said nephew, Samuel, should die leaving no lawful issue him surviving, my will and devise is, that one half of all the-above named property, together with its increase, should go to my nephew, Albert Maxwell, to have and to hold to the
 
 *27
 
 said Albert, his heirs and assigns forever; and the other half to be equally divided among the brothers and sisters of the said Samuel Maxwell, then living, and the issue of such as may be dead.”
 

 The devisee, Samuel Maxwell, survived both of his urn-cles, but died intestate, without having been marrird, and the bill is brought against the nephew, Albert Maxwell, by the brothers and sisters and the children of a deceased sister of Samuel, who are his heirs at law. It states, that by force of the devises in the wills, the title to the lands of the two testators respectively
 
 vested
 
 absolutely in Samuel Maxwell, in fee, and that they wish to have partition thereof, and to that end, that a sale of the land is necessary ; but that the plaintiffs cannot effect such a sale or partition, because the defendant sets up a title under the wills to one undivided half of the lands. The prayer is, that the rights of the plaintiffs and the defendant in the lands may be ascertained and declared, and a sale of the premises decreed, and the proceeds divided between the parties according
 
 to
 
 their respective rights thus ascertained.
 

 The answer insists, that, upon a proper construction of the will of the uncles, the defendant is entitled to one half of the land left by each of them ; and it submits that, if the defendant should be found to be thus entitled, there should be a partition, and that for that purpose a sale should be decreed.
 

 If the relief depended entirely upon the construction of the devises, there would be no doubt in decreeing for the plaintiffs The limitation over to the nephew, Albert, in the will of the testator, James, is expressly restricted to “ one half of ffe property given to him” (Samuel) “ in this last clause of my will.” That relates exclusively to the residue of the personal estate; and Albert was to take no interest in the real estate of James in any event.
 

 
 *28
 
 The construction of the will of Alexander is equally plain. It is, of course, to be made on its own terms, and. without reference to the provisions of the other. It is not as explicitly restricted as the other, in respect to the subject of the limitation over. But the sense is the same. The gift of the land is made, in the first place, by a distinct and independent clause, it is simply a gift in fee, without any qualification. It purports to be, in itself, a perfect gift •of the whole real estate. Then, in the fifth clause, the residue, consisting of personalty, is also given to Samuel ; not, however, in absolute estate immediately,, but with a proviso that it should be absolute in case he left issue surviving him, but, if he should not leave issue living at his death, that he should enjoy for • his life only ; and, then, that after his death, one-half of the property should go to the nephew, Albert. The words used in this part of the clause, are not exactly the same as those oí the other will : “one-half of the property given in
 
 this
 
 clause” — but only
 
 “
 
 one-half of the above named property.” Yet, the construction must be the same : for, apart from the consideration, that the land had been given absolutely in a previous independent clause, it is plain, upon the terms and scope of the fifth clause, that the subject of the limitations over therein is the property mentioned in that clause, and nothing more. It must be so, .for the reason that the limitation over is so connected with the proviso, defeating the gift to Samuel, as to show clearly, that nothing more was to go over, but what should be divested out of Samuel, by force of the proviso; and that is annexed and necessarily restricted to the residue, consisting of personalty.
 

 But, although no doubt is'entertained of the right of the plaintiffs to the land, they cannot have a decree. The estate devised is a legal one, and the question as to the construction of the will, is purely legal. The -controversy ¡between the plaintiffs and the defendant is determinable at
 
 *29
 
 law, and not within the jurisdiction of this Court. It has not been deemed improper to express our opinion on the title, as it is so clear, and further litigation may, probably, be prevented. But the Court does not assume its definitive decision with a view to a decree on that basis, as that decision is properly to be made by a Court of law. The bill, indeed, prays partition; and the decreeing parti ■ tion of legal estates in land, is one of the established heads of equitable jurisdiction. But not in a suit constituted like this. The Statute allows joint tenants or tenants in common to unite in a petition for partition; and the decree will, of course, be according to the statement therein of the title and possession, in which all the parties concur. But here, the proceeding is by bill, which states a controversy with the defendant, and prays relief against him.— There can be no decree for partition as between the plaintiffs themselves, except as it may be incidental to the relief decreed against the defendant; for, as he is the only defendant, if the bill be dismissed as to him, the cause and all the parties would be out of Court at once. Such must be the case here; for, when it is found that he has a title to any part of the premises, as a partition suit it must fail. Indeed, the bill denies the defendant’s title, and is repugnant upon its face in praying partition with one, whose title is thus wholly denied. Moreover, the bill is silent upon the point of a seisin or possession in the defendant, and does not, even, allege any in the plaintiffs themselves. It does not, therefore, appear, that a decree for partition between any of the parties would be proper; and it does appear upon the bill, that no partition between the plaintiffs and the defendant can be made. Consequently the bill must be dismissed with costs.
 

 Pee Ctjuiam. Decree accordingly.